(No. 41444.—

THE PEOPLE *ex rel.* Charles Edward Lewis, Appellant, *vs.* MAX P. FRYE, Appellee.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

Charles Edward Lewis, *pro se.*

Mr. Justice Ward delivered the opinion of the court:

Charles Edward Lewis appeals to this court pursuant to our Rule 302(a) (Ill. Rev. Stat. 1967, ch. 110A, par. 302(a)(3)) from a denial of his petition for a writ of *habeas corpus* by the circuit court of Randolph County. The petition, filed on June 9, 1967, was dismissed without an evidentiary hearing and without the appointment of counsel for the appellant. He contends that it was improper for the circuit court to deny the petition without appointing counsel and without conducting a hearing and allowing the appellant to appear to testify. This court has recently affirmed, on appeal, the denial of a petition for a writ of *habeas corpus* filed by the appellant in the circuit court of Union County, in which he also advanced claims of constitutional deprivation. See *People ex rel. Lewis* v. *Frye, ante,* p. 58.

The petition which is concerned here alleged that the original judgment of conviction entered against him was invalid since, *inter alia,* he was not granted a hearing to determine his sanity although there was a *bona fide* doubt of sanity; his sanity had not been proved beyond a reasonable doubt by the State; and that his trial counsel was incompetent. We have consistently held that a court has jurisdiction to release a prisoner on *habeas corpus* only where the original judgment under which the prisoner is incarcerated was void, *viz.,* rendered by a court lacking jurisdiction of the subject matter or of the person of the defendant, or

where "something has happened" since his detention under the conviction to entitle the prisoner to release. (*People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590; *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453, 456—7; and see Ill. Rev. Stat. 1967, ch. 65, par. 22). The remedy is not available to review errors which only render the judgment voidable and are of a nonjurisdictional nature, even though a claim of a denial of constitutional rights is involved. (*People ex rel. Haven* v. *Macieiski,* 38 Ill.2d 396, 398; *People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590.) There is no allegation in the petition of facts that would have deprived the circuit court of jurisdiction over the subject matter or the person of the appellant and there is no claim of any occurrence since the judgment of conviction which would entitle the appellant to release. *Cf. People ex rel. Haven* v. *Macieiski,* 38 Ill.2d 396, 398.

The circuit court did not err under the circumstances in refusing to award a writ and conduct a hearing. (See Ill. Rev. Stat. 1967, ch. 65, par. 5.) Accordingly the judgment of the circuit court of Randolph County is affirmed.

*Judgment affirmed.*