The People, *ex rel.* Bobby Bright, Petitioner-Appellant, *v.* Warden John J. Twomey, Illinois State Penitentiary, Respondent-Appellee.

(No. 71-194;

Third District—February 24, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for appellee.

PER CURIAM:

This cause is before us on a motion to withdraw filed by Bruce Stratton, District Defender of the Illinois Defender Project, who was appointed as counsel for Bobby Bright in the above cause. It appears from such motion that petitioner filed a *pro se* Petition for Writ of *habeas corpus* which was dismissed for failure to allege facts entitling defendant to relief by the circuit court of Will County. Counsel on appeal asserts that after a careful examination of the record in the case he has concluded that an appeal could not possibly be successful and would be wholly frivolous. Accordingly we have examined the record in this cause, as well as the documents filed by counsel for appellant.

It appears that the defendant-appellant, Bobby Bright, filed his *pro se* Petition for Writ of *habeas corpus*, which petition was dismissed on January 29, 1971, for failure to state any allegations upon which relief could be granted. On July 21, 1971, Bruce Stratton of the Illinois Defender Project was appointed to represent the defendant-appellant on appeal.

The defendant-appellant's Petition for Writ of *habeas corpus* indicates that he is in custody pursuant to process of the court resulting from a conviction for the crime of aggravated battery in Cook County.

■■ It has generally been held that release under the *Habeas Corpus Act* is reserved for prisoners detained by an order of court which is absolutely void by reason of lack of jurisdiction over the person of the defendant or the subject matter, or where something has happened since incarceration which would entitle defendant to his release. (*People ex rel. Lewis v. Frye*, 42 Ill.2d 311). However, in all of the points that defendant-appellant raises in his petition no valid showing is made that either the court lacked jurisdiction or that something has happened since petitioner's incarceration which would entitle him to his immediate release.

■■■ In attacking the court's jurisdiction defendant-appellant contends that the circuit court in Cook County was without jurisdiction since he was in jail at the time he was charged with commission of the alleged crime and that he had not been in the State of Illinois after the enactment of the statute of which he was charged with violating except when he was a prisoner in custody. In asserting this lack of jurisdiction defendant-appellant seems to imply that since he was charged with a violation of a statute enacted after the alleged offense took place and after he had left Illinois, the indictment against him was invalid and could not serve as a valid basis for the Illinois court assuming *in personam* jurisdiction. This contention, however, was disposed of in the defendant-appellant's original appeal. In *People v. Bright*, 78 Ill.App.2d 2, the court stated:

> "The indictment against defendant charged the offense of Aggravated Battery was committed on November 29, 1962, in violation of Chapter 38, Section 12-4 of the Illinois Revised Statutes of 1963. * * * The fact that the indictment charged violation of the 1963 statute instead of the 1961 statutes does not change the general rule that an indictment is sufficient if it informs an accused of the charge. (*People v. Pronger*, 48 Ill.App.2d 477.) Defendant was aware of the charges placed against him and was able to prepare a defense."

■■ Therefore the validity of the indictment in the cause which defendant-appellant questions has been ruled upon and was found to have been sufficient to confer jurisdiction over his person. As noted in *People v. Finley*, 408 Ill. 194:

> "A criminal court acquires jurisdiction of both the subject matter and the person through the return of a valid indictment into open court and retains that jurisdiction unless it is lost through the failure of the court to comply with the statute and laws of the State of Illinois."

In his remaining assignments of error petitioner either fails to state any grounds upon which relief can be granted or he alleges reasons which are not subject to the remedies of the *Habeas Corpus* Act.

As assignments of errors the defendant-appellant claims (1) that the trial court erred in denying his *pro se* motion for new trial or in the alternative for judgment notwithstanding the verdict; (2) that the trial court erred in denying his motion in arrest of judgment; (3) that the Illinois Supreme Court by apparent oversight failed to properly rule on an allegation in petitioner's post conviction petition; and (4) that the circuit court of Will County has dismissed prior *bona fide* petitions for *habeas corpus* falsely, stating that the petitions failed to state a cause of action.

■■ In none of the above contentions are any specific errors identified or explained. It has been held that in the absence of error clearly and affirmatively appearing on any appeal or petition, the reviewing court will not be allowed to indulge in presumptions that will put the lower courts in error and overturn verdicts and judgments. (*People v. Sims*, 382 Ill. 472; *People v. Howe*, 375 Ill. 130.) Even when defendant-appellant alleges specific reasons he fails to bring himself within the purview of the *Habeas Corpus* Act. It is well established that *habeas corpus* does not lie to raise errors of a non-jurisdictional nature. (*People ex rel. Totten v. Frye*, 39 Ill.2d 549.) Thus, petitioner's claims that he is suffering from an unconstitutional sentence and that he was denied his right to counsel will not, even if valid, entitle him to relief under the provisions of the *Habeas Corpus* Act.

■■ In dismissing a *pro se* Petition for *habeas corpus* the court in *People ex rel. Kalec v. Pate*, 38 Ill.2d 350, reiterated the view that dismissal is proper where the petition fails to suggest anything which would affect trial court's jurisdiction over defendant-appellant or any suggestion of subsequent events entitling defendant-appellant to his relief.

■■ Upon complete examination of the record we therefore find that the dismissal of the defendant-appellant's *pro se* Petition for Writ of *Habeas Corpus* by the circuit court of Will County was proper and we further find that there has been adequate compliance with *Anders v. California*, 386 U.S. 738, and we thereby grant the motion of Bruce Stratton of the Illinois Defender Project wherein he prays for leave to withdraw as counsel for defendant-appellant in this cause.

Affirmed and leave to withdraw granted.