THE PEOPLE *ex rel.* DONALD SWIDERSKI, Relator-Appellant, *v.* DAVID BRIERTON, Warden, Stateville Correctional Center, Respondent-Appellee.

First District (3rd Division)   No. 77-1828

Opinion filed October 25, 1978.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Linda Dale Woloshin, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On April 25, 1974, the relator, Donald Swiderski, entered a plea of guilty to two charges of armed robbery and was sentenced to concurrent terms of four years to four years and a day. He served part of his sentence and was released on parole. Subsequently, he was re-incarcerated for a parole violation.

On May 12, 1977, the relator filed a petition for a writ of habeas corpus in the circuit court of Cook County. The trial court granted the State's motion to dismiss the petition, and relator appeals. The petition alleged and defendant contends that it was fundamentally unfair to re-incarcerate him for parole violations for the reason that he was not admonished, prior to pleading guilty, that the sentences imposed included the mandatory period of parole.

■■ Habeas corpus relief is limited solely to the grounds specified in the statute. (*People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164.) The remedy of habeas corpus is available only to obtain the release of a prisoner who has been incarcerated under a judgment of an original trial

court which lacked jurisdiction of the subject matter or of the person of the defendant, or where there has been some occurrence subsequent to the prisoner's conviction which entitles the prisoner to release. *Hughes v. Kiley* (1977), 67 Ill. 2d 261, 367 N.E.2d 700; *Long v. Israel* (1977), 56 Ill. App. 3d 14, 371 N.E.2d 873.

In *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, our supreme court held that compliance with Rule 402(a)(2) requires a defendant to be admonished that the mandatory period of parole pertaining to the offense is a part of the sentence that will be imposed. The court further held that the requirement of the admonition concerning the period of mandatory parole applied prospectively to guilty pleas taken subsequent to May 19, 1975. Thus, the holding has no applicability to the present relator, who had pleaded guilty in 1974.

The relator contends, however, that two recent Federal decisions, *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180 and *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185, constitute the subsequent event required for habeas corpus relief. In those decisions, the Federal courts held that it was fundamentally unfair to re-incarcerate a prisoner for parole violations where he was not admonished of the mandatory parole term.

■■ Initially, we note that decisions of Federal courts other than those of the United States Supreme Court are advisory and require only our respectful consideration. (*People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431; *City of Chicago v. Loitz* (1973), 11 Ill. App. 3d 42, 295 N.E.2d 478.) Moreover, we do not believe the Federal decisions are subsequent acts, occurrences or events which would entitle the relator to discharge by writ of habeas corpus. Examples of subsequent events entitling a prisoner to habeas corpus relief are where a prisoner has served more than his maximum sentence (*People ex rel. Castle v. Spivey* (1957), 10 Ill. 2d 586, 141 N.E.2d 321), has satisfied the judgment upon which he was imprisoned (*People ex rel. Titzel v. Hill* (1931), 344 Ill. 246, 176 N.E. 360), or has been transferred from one penal institution to another without a hearing. (*People ex rel. Lowe v. Ragen* (1944), 387 Ill. 131, 55 N.E.2d 83.) Furthermore, the Federal cases cited by relator are inapposite. In *Baker* and *Ferris*, the courts held it was unfair to re-incarcerate prisoners for parole violations where the trial courts did not admonish the prisoners of a mandatory parole term because the prisoner either had served more than the maximum sentence under the plea agreement and had not received the benefit of the bargain, or the trial court specifically misinformed the prisoner concerning the mandatory parole term. In the present case, the relator has received the benefit of the bargain, has not served more than the maximum sentence, and was not misinformed. The trial court properly dismissed the petition for a writ of habeas corpus.

For the reasons stated, the judgment of the circuit court of Cook County dismissing the petition for a writ of habeas corpus is affirmed.

Judgment affirmed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.