NO. 4-00-0689

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JIMMIE LEE SCHLEMM,

Petitioner-Appellant,

v.

ROGER D. COWEN, Warden, Menard

Correctional Center,  

Respondent-Appellee.

)

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Menard County

Nos. 78CF17

     78CF18

Honorable

M. Carol Pope,

Judge Presiding.

________________________________________________________________

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In July 2000, petitioner, Jimmie Lee Schlemm, filed a 
pro
 
se
 petition for writ of 
habeas
 
corpus
 (735 ILCS 5/10-101 
through 10-137 (West 1998)), alleging that his imprisonment was unlawful and seeking his release from the Illinois Department of Corrections.  The trial court later denied the petition.  Petitioner appeals, and we affirm.

I. BACKGROUND

In December 1978, a jury convicted petitioner of two counts of murder (Ill. Rev. Stat. 1977, ch. 38, par. 9-1) and two counts of concealment of a homicide (Ill. Rev. Stat. 1977, ch. 38, par. 9-3.1).  The trial court later sentenced him to 38 years in prison on each murder conviction and 10 years in prison on each concealment conviction, with all sentences to run consecutively.  Petitioner appealed, arguing, in part, that the court erred by (1) imposing consecutive sentences, and (2) imposing extended prison terms on the two concealment convictions.  
People v. Schlemm
, 82 Ill. App. 3d 639, 641, 402 N.E.2d 810, 812 (1980).  This court affirmed petitioner's convictions but reduced the 10-year extended prison terms to 5-year prison terms on each concealment conviction.  
Schlemm
, 82 Ill. App. 3d at 651, 402 N.E.2d at 819.

In July 2000, petitioner filed a 
pro
 
se
 petition for writ of 
habeas
 
corpus
, alleging that (1) the consecutive sentences imposed on the murder and concealment of a homicide convictions were unlawful because those crimes were committed against the same person, and (2) the consecutive sentences imposed on all of petitioner's convictions were unlawful because the murders and the concealing of those murders arose out of the same course of conduct.  The trial court subsequently denied the petition upon determining that (1) if the petition was considered as a petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
through 122-8 (West 1998)), it was not timely filed, and (2) petitioner was not entitled to 
habeas
 
corpus
 relief, pursuant to section 10-124 of the Code of Civil Procedure (Code) (735 ILCS 5/10-124 (West 1998)).

This appeal followed.

II. THE TRIAL COURT'S DENIAL OF THE 

PETITION FOR WRIT OF 
HABEAS
 
CORPUS

Petitioner argues that the trial court erred by denying his petition for writ of 
habeas
 
corpus
.  Specifically, he contends that (1) his consecutive sentences were unconstitutional under 
Apprendi v. New Jersey
, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000), because they were based on the following factors, which were never presented to the jury for its determination:  (a) the witnessing of one victim's murder by the other victim, and (b) defendant's exceptionally brutal or heinous behavior indicative of wanton cruelty; (2) consecutive sentences were improperly imposed on (a) his convictions for concealment of a homicide, and (b) all of his convictions because the murders and the concealing of those murders arose out of the same course of conduct; and (3) on direct appeal, this court wrongly concluded that the sentences imposed on the concealment convictions should run consecutively to the sentences imposed on the murder convictions.  We disagree.

Habeas
 
corpus
 relief is limited solely to the grounds specified in section 10-124 of the Code (735 ILCS 5/10-124 (West 1998)).  
Barney v. Prisoner Review Board
, 184 Ill. 2d 428, 430, 704 N.E.2d 350, 351 (1998).  That section provides as follows:

"If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he or she may be discharged only for one or more of the following causes:

1.  Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum[,] or person.

2.  Where, though the original imprisonment was lawful, nevertheless, by some act, omission[,] or event which has subsequently taken place, the party has become entitled to be discharged.

3.  Where the process is defective in some substantial form required by law.

4.  Where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process to issue or orders to be entered for imprisonment or arrest.

5.  Where, although in proper form, the process has been issued in a case or under circumstances unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him or her.

6.  Where the process appears to have been obtained by false pretense or bribery.

7.  Where there is no general law, nor any judgment or order of a court to authorized the process if in a civil action, nor any conviction if in a criminal proceeding.  No court, on the return of a 
habeas
 
corpus
, shall, in any other matter, inquire into the legality or justice of a judgment of a court legally constituted."  735 ILCS 5/10-124 (West 1998). 

See 
Hughes v. Kiley
, 67 Ill. 2d 261, 267, 367 N.E.2d 700, 702 (1977) (a writ of 
habeas
 
corpus
 is available only to obtain the release of a prisoner (1) who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the prisoner, or (2) where some occurrence after the prisoner's conviction entitles him to release).  A petition for writ of 
habeas
 
corpus
 may not be used to review proceedings that do not exhibit one of the defects set forth in the statute, even though the alleged error involves a denial of constitutional rights.  
Barney
, 184 Ill. 2d at 430, 704 N.E.2d at 351; see 
People ex rel. Lewis v. Frye
, 42 Ill. 2d 311, 313, 247 N.E.2d 410, 411 (1969) (petitioner's allegations that (1) he was not granted a pretrial hearing to determine his sanity although a 
bona
 
fide
 doubt existed, and (2) the State had not proved his sanity beyond a reasonable doubt were not subject to review in 
habeas
 
corpus
 proceedings).

Reviewing petitioner's 
pro
 
se
 claims of error in the light most favorable to him, we conclude that they are not subject to review under section 10-124 of the Code.  Petitioner did not raise any issue regarding jurisdiction or allege any postconviction event that would entitle him to release.  Petitioner's claims that his consecutive sentences were unconstitutional or were otherwise imposed in error are simply not cognizable under section 10-124.  See 
People ex rel. Bright v. Twomey
, 4 Ill. App. 3d 365, 368, 279 N.E.2d 538, 540 (1972) (affirming dismissal of the petitioner's 
habeas
 
corpus
 petition and concluding that his claims that he was "suffering from an unconstitutional sentence *** will not, even if valid, entitle him to relief under the provision of the Habeas Corpus Act"); see also 
People v. Swiderski
, 65 Ill. App. 3d 153, 154, 382 N.E.2d 628, 629 (1978) (federal decisions do not constitute a postconviction event that would entitle a prisoner to release).  We therefore hold that the trial court did not err by dismissing the petition for writ of 
habeas
 
corpus
. 

We note that petitioner does not challenge the trial court's denial of his petition as an untimely filed postconviction petition.  Instead, he claims that the court should not have addressed his 
habeas
 
corpus
 petition as a postconviction petition filed under the Act.  Contrary to petitioner's claim, the court properly considered the petition under the Act.  See 
People v. Sturgeon
, 272 Ill. App. 3d 48, 54, 649 N.E.2d 1385, 1388 (1995) (Steigmann, J., specially concurring) (when petitioners seek to attack their criminal convictions by way of a 
pro
 
se
 writ of 
habeas
 
corpus
 or section 2-1401 petition (735 ILCS 5/2-1401 (West 1998))
, the trial court should initially consider the petition under the Act).                

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., concurs.

COOK, J., specially concurs.

JUSTICE COOK, specially concurring:

A sentence which does not conform to a statutory requirement is void, and that defect may be raised at any time.  
People v. Arna
, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995).  I concur, not because petitioner's petition for postconviction relief was not timely filed, or because petitioner's petition did not conform strictly to the requirements of section 10-124 of the Code, but because I am not persuaded that the sentence here was a void sentence.  If the sentence were void, it could be attacked in an untimely postconviction petition (see 
In re Marriage of Stefiniw
, 253 Ill. App. 3d 196, 202, 625 N.E.2d 358, 363 (1993) (void judgment may be attacked without complying with time requirements of section 2-1401)) or in a 
habeas
 
corpus
 petition.  See 
People v. Brazee
, 316 Ill. App. 3d 1230, 1234, 738 N.E.2d 646, 649 (2000) (a void sentence may be attacked by 
habeas
 
corpus
 at any time, even where it is argued that defendant has waived consideration of the issue).