2018 IL App (4th) 170322

NO. 4-17-0322

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 20, 2018
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| WILLIAM RAGEL, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Champaign County |
| GREGG SCOTT, Program Director, Illinois | ) | No. 17MR79 |
| Department of Human Services Treatment | ) | |
| and Detention Facility at Rushville, Illinois, | ) | Honorable |
| Defendant-Appellee. | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Knecht and Turner concurred in the judgment and opinion.

**OPINION**

¶ 1       In June 2003, the trial court found plaintiff, William Ragel, to be a sexually violent person under the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/5(f) (West 2002)). In February 2017, citing recent developments in medical knowledge, plaintiff filed a complaint for *habeas corpus* relief. 735 ILCS 5/10-124 (West 2016). The trial court rejected this argument and denied his complaint, concluding that "there is no probable cause to believe that [plaintiff] is no longer a Sexually Violent Person."

¶ 2       Plaintiff appeals, arguing that (1) the trial court erred by denying his petition for *habeas corpus* relief, (2) the State cannot cause the indefinite civil commitment of a person based upon behaviors that took place when the individual was a teenager, and (3) *habeas corpus* relief is the proper remedy because no other statutory remedy will "vindicate his legal claim" and "over-turn the commitment and finding" that he is a sexually violent person.

¶ 3        Because we conclude that (1) the trial court did not err in denying the petition for *habeas corpus* relief and (2) plaintiff's other arguments are without merit, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5                              A. The Original Admission

¶ 6        In June 2003, the trial court accepted plaintiff's admission that he was a sexually violent person under the Act. 725 ILCS 207/5(f) (West 2002). Before doing so, the court found that (1) plaintiff read and understood the allegations in the petition alleging that he is a sexually violent person; (2) plaintiff knowingly and intelligently admitted that he was a sexually violent person; (3) plaintiff knowingly and intelligently waived his right to a jury trial, to confront and cross-examine witnesses, to present a defense, and to require the State to prove that he is a sexually violent person beyond a reasonable doubt; (4) plaintiff was represented by counsel; and (5) a factual basis existed to support plaintiff's admission.

¶ 7        The trial court then committed plaintiff to the custody of the Illinois Department of Human Services for control, care, and treatment until such time that plaintiff was no longer a sexually violent person. Plaintiff was 16 years old at the time of the offense.

¶ 8                           B. The *Habeas Corpus* Complaint

¶ 9        In February 2017, plaintiff filed a complaint for *habeas corpus* relief. 735 ILCS 5/10-124 (West 2016). Plaintiff cited developments in neuroscience, recognized in *Miller v. Alabama*, 567 U.S. 460, 471-74 (2012), that demonstrate the differences between juvenile and adult minds and their capacity for self-control. Plaintiff therefore argued that it was "medically and scientifically incorrect" to diagnose him with a qualifying mental disorder under the Act based partially on a criminal offense that he committed when he was 16 years old.

¶ 10       The trial court rejected this argument, concluding that "there is no probable cause

to believe that [plaintiff] is no longer a Sexually Violent Person." The court based its conclusion in part on a recent hearing where plaintiff was found to remain a sexually violent person. Accordingly, the court denied the petition.

¶ 11        This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13        On appeal, plaintiff argues that (1) the trial court erred by denying his petition for *habeas corpus* relief, (2) the State cannot cause the indefinite civil commitment of a person based upon behaviors that took place when the individual was a teenager, and (3) *habeas corpus* relief is the proper remedy because no other statutory remedy will "vindicate his legal claim" and "over-turn the commitment and finding" that he is a sexually violent person. We address these arguments in turn.

¶ 14                  A. The Trial Court Correctly Denied the Petition

¶ 15        Plaintiff argues that the trial court incorrectly denied his complaint for *habeas corpus* relief. We disagree.

¶ 16                  1. *The Applicable Law and Standard of Review*

¶ 17        *Habeas corpus* relief is available *only* for the reasons specified in section 10-124 of the Code of Civil Procedure (Code). 735 ILCS 5/10-124 (West 2016); *Beacham v. Walker*, 231 Ill. 2d 51, 58, 896 N.E.2d 327, 332 (2008). *Habeas corpus* relief is not available for other errors, even if an alleged error involves a denial of a constitutional right. *Beacham*, 231 Ill. 2d at 58. Section 10-124 of the Code reads as follows:

> "If it appears that the prisoner is in custody by virtue of process
>
> from any court legally constituted, he or she may be discharged
>
> only for one or more of the following causes:

1. Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person.

2. *Where, though the original imprisonment was lawful, nevertheless, by some act, omission or event which has subsequently taken place, the party has become entitled to be discharged.*

3. Where the process is defective in some substantial form required by law.

4. Where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process to issue or orders to be entered for imprisonment or arrest.

5. Where, although in proper form, the process has been issued in a case or under circumstances unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him or her.

6. Where the process appears to have been obtained by false pretense or bribery.

7. Where there is no general law, nor any judgment or order of a court to authorize the process if in a civil action, nor any conviction if in a criminal proceeding. No court, on the return of a habeas corpus, shall, in any other matter, inquire into the legality

or justice of a judgment of a court legally constituted." (Emphasis added.) 735 ILCS 5/10-124 (West 2016).

¶ 18 New case law is not a subsequent act, occurrence, or event that entitles a prisoner to be discharged within the meaning of section 10-124 of the Code. See *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 321, 752 N.E.2d 647, 649 (2001) ("Petitioner's claims that his consecutive sentences were unconstitutional [under new federal case law] *** are simply not cognizable under section 10-124."); *People ex rel. Swiderski v. Brierton*, 65 Ill. App. 3d 153, 154, 382 N.E.2d 628, 629 (1978) ("we do not believe the Federal decisions are subsequent acts, occurrences, or events which would entitle the [prisoner] to discharge by writ of habeas corpus").

¶ 19 We review *de novo* the denial of a *habeas corpus* petition. See *People v. Johnson*, 206 Ill. 2d 348, 359-60, 794 N.E.2d 294, 302 (2002). We may affirm the trial court's ruling for any reason supported by the record regardless of the basis relied upon by the trial court. *Pekin Insurance Co. v. AAA-1 Masonry & Tuckpointing, Inc.*, 2017 IL App (1st) 160200, ¶ 21, 81 N.E.3d 1040.

¶ 20                                        2. *This Case*

¶ 21 In this case, plaintiff highlights that his original finding of being labeled a sexually violent person occurred when he was 16 years old and that recent advances in medicine demonstrate that the "section of the brain that controls impulses and [self-control] is not yet fully formed until the human brain reaches its early 20's." Plaintiff contends that the Supreme Court of the United States has recognized this advancement in medical knowledge. See *Miller*, 567 U.S. at 470-74. Plaintiff further contends that this development in law and in scientific understanding is a qualifying "act, omission or event which has subsequently taken place" which entitles him to be discharged (see 735 ILCS 5/10-124(2) (West 2016)). Plaintiff concludes that

his civil commitment cannot be allowed to stand when "developments in science, medicine, and the law have changed in this specific realm."

¶ 22 Without discussing the merits of plaintiff's arguments or the developments in neuroscience, we simply note that plaintiff's argument falls outside the narrow scope of section 10-124 of the Code. 735 ILCS 5/10-124 (West 2016). Any developments in medicine or changes in federal law do not qualify as a subsequent occurrence or event that entitles a prisoner to be discharged. *Cowan*, 323 Ill. App. 3d at 321. Plaintiff put forth no other evidence challenging the court's jurisdiction or other factors set forth in section 10-124 of the Code. See 735 ILCS 5/10-124 (West 2016). Thus, plaintiff was not entitled to *habeas corpus* relief, and the trial court did not err in denying his petition.

¶ 23                                    B. Civil Confinement

¶ 24 Plaintiff further argues that "the State cannot cause the indefinite civil commitment of a person under the [Act] *** based upon behaviors *** that took place when the individual was a [teenager] and his brain had not yet, at that time, completed the maturation process."

¶ 25 We reject this argument and simply note that the Act provides multiple remedies for an individual to demonstrate that he is no longer a sexually violent person. See 725 ILCS 207/65 (West 2016); see also *In re Detention of Stanbridge*, 2012 IL 112337, ¶¶ 50-54, 980 N.E.2d 598. Therefore, plaintiff's argument is without merit.

¶ 26                                 C. Collateral Consequences

¶ 27 Last, plaintiff argues that *habeas corpus* relief is the proper remedy because he has "no other statutory remedy to vindicate his legal claim because *** the [Act] *** would not [overturn] the commitment and finding that he is a (purported) Sexually Violent Person."

Plaintiff goes on to note that this designation has "enormous, life-long consequences and legal requirements."

¶ 28    This court does not—and need not—dispute the enormous collateral consequences of being labeled a sexually violent person because even if plaintiff's contention is correct, the sole remedy for a prisoner entitled to *habeas corpus* relief is immediate discharge from custody. See *Adcock v. Snyder*, 345 Ill. App. 3d 1095, 1098, 804 N.E.2d 141, 143 (2004) (*habeas corpus* relief is appropriate only where the trial court lacked jurisdiction or some occurrence has taken place after the conviction that entitles the prisoner to release). Thus, even if plaintiff were entitled to *habeas corpus* relief, that relief would not solve or even address these collateral consequences. Instead, plaintiff's requested relief must come from the legislature rather than this court. Accordingly, plaintiff's argument is without merit.

¶ 29                           III. CONCLUSION

¶ 30    For the foregoing reasons, we affirm the trial court's judgment.

¶ 31    Affirmed.