(No. 30528.—

THE PEOPLE *ex rel.* Kathryn Martin, Relator, for and on behalf of Russell Crawford, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed November 18, 1948.*

JAY J. McCARTHY, of Chicago, for petitioner.

GEORGE F. BARRETT, Attorney General, of Springfield, (ALBERT E. HALLETT, and JAMES C. MURRAY, both of Chicago, of counsel,) for respondent.

Mr. JUSTICE DAILY delivered the opinion of the court:

Russell Crawford, by an original petition for a writ of *habeas corpus* filed in this court on January 12, 1948, against Joseph E. Ragen, Warden of the Illinois State Penitentiary at Joliet, seeks to obtain his discharge from

the penitentiary. The writ issued, respondent made a return, and petitioner filed his answer thereto, together with a motion for his release from custody pending the disposition of the cause. The motion was taken with the case, and the cause is submitted on the record thus made.

On March 22, 1935, Crawford pleaded guilty in the circuit court of Vermilion County to the crime of armed robbery and was sentenced to an indeterminate term of one year to life in the penitentiary. November 25, 1940, he was released on parole, having first signed the usual parole agreement. On April 7, 1941, the petitioner, while on such parole, committed a second armed robbery in Madison County where he was arrested and charged with the crime. As a result, a warrant issued on May 3, 1941, for his arrest and apprehension as a parole violator, and on June 17, 1941, the Parole Board declared him to be a defaulter on his sentence received from the circuit court of Vermilion County.

On July 8, 1941, petitioner pleaded guilty to the second crime of armed robbery and was sentenced by the circuit court of Madison County to another term of one year to life. On July 14, 1941, that court, after hearing evidence, entered an "advisory recommendation" that petitioner serve not less than ten nor more than twenty-five years of the second sentence. He was then taken to the penitentiary, where, on September 22, 1941, after a further hearing by the Parole Board, he was declared a parole violator on his first sentence and was ordered to serve the minimum on his second sentence.

On August 14, 1945, petitioner, appearing *pro se,* sued out a writ of error in this court, (*People* v. *Crawford,* No. 29178,) in which he contended that the advisory recommendations of the trial court, in reference to his second sentence, were erroneous by virtue of this court's holding in *People* v. *Montana,* 380 Ill. 596, and prayed that the caused be reversed and remanded for the imposition of a

proper and legal sentence. Following a confession of error by the Attorney General, this court, on September 10, 1945, remanded the cause to the circuit court of Madison County with directions to impose a proper sentence in conformity with the law. Petitioner was so notified by mail, and on September 24, 1945, the mandate was received by the circuit court of Madison County, where it was filed by the clerk of the court and no further action then taken.

Early in July, 1947, petitioner filed a petition for writ of *habeas corpus* in the circuit court of Will County. While this matter was pending, the circuit court of Madison County, on its own motion, ordered redocketed the cause pertaining to his armed robbery in that county, and set a hearing for August 8, 1947. On the latter date petitioner and his counsel appeared in court and presented arguments to the presiding judge who took the matter under advisement and continued it until August 22, 1947. On that date, the court sentenced petitioner to the penitentiary for a term of one year to life, as a result of the mandate of this court issued September 10, 1945, almost two years previously. This original petition for writ of *habeas corpus* was filed in this court on January 12, 1948.

The petitioner now avers that he should be discharged from imprisonment because the judgment and order of sentence entered by the circuit court of Madison County, resentencing him for the second armed robbery, are void because of the delay of that court in following the mandate of this court, and, further, that said sentence was imposed upon him in the absence of counsel, thus depriving him of his constitutional right to counsel and due process of law. Respondent contends that petitioner is not entitled to discharge regardless of the validity or invalidity of the Madison County judgment because he is properly being detained by virtue of his first sentence for armed robbery, pronounced by the circuit court of Vermilion County on March 22, 1935, and that the remedy of the petitioner to review the

validity of the Madison County judgment is by writ of error and not *habeas corpus*. Before considering the arguments of the parties, the following observations as to the pleadings should be particularly noted: (1) Petitioner does not deny or attack the validity of his first sentence for armed robbery in the circuit court of Vermilion County in March, 1935; (2) he does not deny his guilt of the second crime of armed robbery in Madison County, but contends that the delay in rendering a proper sentence has rendered void the judgment and sentence thereon; (3) he does not question the propriety or authority of the action of the Parole Board in revoking his parole granted under the first sentence. As to the first and third points, petitioner has assumed the position that they have no bearing on the matter of his release from his second sentence, and in his answer he asks that such matters be stricken from respondent's return.

On the pleadings presented it is apparent that petitioner is properly confined under his first sentence for armed robbery. Further, there is no contention that the validity of restraint under the first conviction, depends on the validity of the second conviction. The question presented to this court for determination is thus whether or not a writ of *habeas corpus* will issue to determine the validity of a second sentence, at a time when the petitioner is confined by virtue of a previous sentence which is admittedly valid. We do not find that this precise question has been presented to this court. In the case of *United States ex rel. Parker* v. *Ragen,* 167 Fed. 2d 792, an appeal to the United States Circuit Court of Appeals, Seventh Circuit, taken from the United States District Court for the Northern District of Illinois, Eastern Division, an almost similar situation was presented to the court. It was there held that *habeas corpus* would not lie to determine the validity of a sentence for armed robbery while the petitioner was serving at the same time another and admittedly valid sentence of one year to

life for a like offense. The court stated: "When the facts show a lawful restraint, the writ will not search out and condemn one basis therefor which is unlawful but in no manner affects the lawful restraint." A similar case is *McNally* v. *Hill,* 293 U.S. 131, wherein the relator was detained under three sentences. He admitted that one was valid but assailed the other two on constitutional grounds. The Supreme Court there observed that "without restraint of liberty the writ will not issue," and held that as long as relator was validly restrained for one cause the writ of *habeas corpus* would not lie. Again, in *Holiday* v. *Johnston,* 313 U.S. 342, it was held that the fact that the second of two sentences erroneously imposed for a single offense, to run consecutively, is void does not entitle a prisoner to discharge from custody on *habeas corpus* until after he has served the first sentence, even though, until adjudged void, the second sentence bars him from applying for parole under the first. The same principle has been recognized and followed by this court in the case of *People ex rel. Weed* v. *Whipp,* 352 Ill. 525, wherein this court held that the writ of *habeas corpus* will not issue to relieve a prisoner from an excessive sentence unless the portion of the sentence legally imposed upon him has already been served. Thus it may be seen that if there is valid authority for the retention of one who petitions for writ of *habeas corpus,* the fact that he is held under other sentences or commitments which are, or claimed to be, invalid, does not entitle him to his immediate freedom by such writ. As was said in *United States ex rel. Parker* v. *Ragen,* 167 Fed. 2d 792, "There is but one restraint in this case, although there is more than one basis for the restraint. The restraint is lawful although one of the reasons be unlawful." In the present case petitioner is lawfully confined by virtue of his first sentence for armed robbery. A warrant for his arrest as a parole violator and the declaration that he was a defaulter was made at the time of his arrest for the sec-

ond armed robbery. He was thus recommitted and is now restrained without regard to the validity or invalidity of his second conviction which followed, but rather because of his first conviction. His restraint is thus not unlawful.

We do not pass upon the validity or invalidity of the second conviction of the petitioner, since his restraint under such conviction, if it is invalid, will become unlawful only when the restraint under the first sentence is concluded. (*United States ex rel. Parker* v. *Ragen,* 167 Fed. 2d. 792.) It further follows from what we have said that petitioner's motion, which was taken with the case, is denied.

The petitioner is remanded to the custody of the warden.

*Petitioner remanded.*