2020 IL App (1st) 18-0016-U

FIFTH DIVISION
June 5, 2020

No. 1-18-0016

**NOTICE:**  This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Respondent-Appellee, | ) ) | |
| v. | ) | No. 95 CR 3173 |
| | ) ) | |
| DAMEN PRICE, | ) ) | |
| Petitioner-Appellant. | ) ) | Honorable William G. Lacy, Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1     *Held:*    The circuit court erred in denying petitioner's motion for leave to file a successive postconviction petition.  The new rule requiring separate jury verdict forms in murder cases upon request is a substantive rule and must be retroactively applied to cases on collateral review.  Accordingly, petitioner established both cause and prejudice for his failure to raise this issue in his initial postconviction petition, and the case must be remanded for further proceedings.  Reversed and remanded.

¶ 2     Petitioner Damen Price appeals from an order of the circuit court of Cook County denying his motion for leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)).  Petitioner contends that he sufficiently

established cause and prejudice with respect to his claim that he must be resentenced to a term of years because the trial court denied his request for separate jury verdict forms, pursuant to *People v. Smith*, 223 Ill. 2d 1 (2009), and *People v. Bailey*, 2013 IL 113690. We reverse the circuit court's denial of petitioner's motion and remand this case for further proceedings.

¶ 3                                        BACKGROUND

¶ 4      This court has detailed the underlying facts of this case in earlier decisions. See *People v. Price*, No. 1-97-3195 (unpublished order under Rule 23) (April 5, 1999); *People v. Price*, 2014 IL App (1st) 130037-U. Therefore, we will summarize only those facts pertinent to the particular issues now before us.

¶ 5      The State charged Damen Price with multiple counts of first degree murder and aggravated arson. The first degree murder counts alleged various theories, including intentional, knowing, and felony murder predicated upon aggravated arson. The evidence adduced at trial established that on October 9, 1994, Curtis Jones, Jr., was killed in an arson fire in Chicago. LaShawn Means, the victim's cousin and the intended victim, was a member of the "Gangster Disciples" street gang, whereas petitioner was a member of the rival "Mickey Cobras" street gang. At around 2:16 a.m., petitioner and others were in the alley behind Means's house and threw at least two Molotov cocktails through the kitchen window. When the fire broke out, petitioner and the individuals fled, laughing and shouting, "G.D.K." (*i.e.*, Gangster Disciple killer).

¶ 6      The trial court denied petitioner's request for separate jury verdict forms, which would have divided out the various theories of murder charged. The jury returned a general verdict of guilty as to first degree murder, and it also found petitioner guilty of aggravated arson. The jury later found petitioner eligible for the death penalty but declined to impose it. The trial court then

sentenced petitioner to consecutive terms of natural life and 30 years' imprisonment for the murder and aggravated arson convictions, respectively.

¶ 7     Petitioner raised numerous contentions on direct appeal, but did not challenge the trial court's denial of his request for separate verdict forms.  This court rejected his contentions and affirmed his convictions and sentences.  *Price*, No. 1-97-3195 (unpublished order under Rule 23) (April 5, 1999) .  Petitioner then unsuccessfully filed two postconviction petitions and a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)).  Petitioner again did not raise an issue regarding the verdict forms.[1]

¶ 8     On February 21, 2012, petitioner filed a second 2-1401 petition.  Relying upon *People v. Smith*, 233 Ill. 2d 1 (2009), he claimed that his sentence of natural life (for his murder conviction) and consecutive 30-year sentence (for his aggravated arson conviction) were void because the circuit court erred in refusing his request for separate verdict forms at trial.  The court granted the State's motion to dismiss, but we reversed and remanded with directions to vacate petitioner's aggravated arson conviction and sentence and resentence petitioner for felony murder (predicated upon aggravated arson).  *Price*, 2014 IL App (1st) 130037-U.  We held that the *Smith* rule, which was reaffirmed in *People v. Bailey*, 2013 IL 113690, applied retroactively to cases on collateral review.  *Price*, 2014 IL App (1st) 130037-U, ¶¶ 17-19, 25.

¶ 9     We rejected the State's argument that petitioner's 2-1401 petition was untimely, observing that it was "well established that a sentence entered without statutory authorization is void and may be attacked at any time, even on collateral review."  *Id.* ¶ 16 (citing *People v. Donelson*, 2013 IL 113603, ¶ 15; *People v. Thompson*, 209 Ill. 2d 19, 23 (2004)).  Our supreme court, however,

---

[1]  Petitioner also sought federal habeas corpus relief upon multiple unrelated grounds, which was denied.  See *U.S. ex rel. Price v. McAdory*, No. 03 C 6485 (N.D. Ill. Oct. 19, 2004).

reversed our holding on other grounds. *People v. Price*, 2016 IL 118613. It noted that, after we had issued our 2014 decision, it had abolished the "void sentence rule" in *People v. Castleberry*, 2015 IL 116916, which had the result of rendering petitioner's 2-1401 petition untimely. See *Price*, 2016 IL 118613, ¶¶ 8, 26-28. The court did not address whether the *Smith* rule was retroactive on collateral appeal. It also declined to recharacterize the section 2-1401 petition as a post-conviction petition. *Id.* ¶ 33. By doing so, it left unresolved the issue now before us: whether relief could be granted through a proceeding under the Act rather than a section 2-1401 petition.

¶ 10    On April 3, 2017, petitioner filed a motion for leave to file a successive postconviction petition. Petitioner repeated his arguments that the holdings in *Smith* and *Bailey* were substantive new rules that were to be applied retroactively on collateral appeal. Petitioner further argued that he met the cause-and-prejudice test based upon the holding in *People v. Davis*, 2014 IL 115595. On October 27, 2017, the circuit court denied petitioner's motion, stating simply, "Mr. Price has not met the cause and prejudice test in this Court's opinion." This timely appeal follows.

¶ 11                                    ANALYSIS

¶ 12        Petitioner's Motion for Leave to File a Successive Postconviction Petition

¶ 13    On appeal, petitioner contends that the court erred in denying his motion for leave to file a successive postconviction petition. Specifically, he argues that, under *Smith*, the trial court erred in refusing his request for separate verdict forms for intentional, knowing, and felony murder (based upon aggravated arson), and as a result, the jury's general verdict finding him guilty of murder must be viewed as a guilty finding as to felony murder only and an acquittal of intentional and knowing murder. Petitioner further reasons that, pursuant to *Smith*, he was not eligible for the death penalty under section 9-1(b)(6) of the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1991, ch. 38, par. 9-1(b)(6)). Petitioner then concludes that, since his natural life sentence of

imprisonment was based solely upon the jury's finding that an aggravating factor existed under section 9-1(b)(6), he was not eligible for the natural life sentence actually imposed, either. Petitioner asks that, in accordance with the decisions in *Smith* and *Bailey*, this court should (1) remand this cause for resentencing on the felony murder conviction only and (2) vacate the underlying aggravated arson conviction. The State responds that the *Smith* and *Bailey* rules are procedural and do not retroactively apply to cases on collateral review.

¶ 14    The Act allows a petitioner to challenge a conviction or sentence for violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). An action for postconviction relief is a collateral proceeding rather than an appeal from the underlying judgment. *People v. Williams*, 186 Ill. 2d 55, 62 (1999). Principles of *res judicata* and waiver will limit the range of issues available to a postconviction petitioner " 'to constitutional matters which have not been, and could not have been, previously adjudicated.' " *People v. Scott*, 194 Ill. 2d 268, 273-74 (2000) (quoting *People v. Winsett*, 153 Ill. 2d 335, 346 (1992)). Accordingly, issues previously raised at trial or on direct appeal are barred by *res judicata,* and issues that could have been raised in the earlier proceedings, but were not, will ordinarily be deemed waived. *Id.* at 274; 725 ILCS 5/122-3 (West 2010).

¶ 15    Moreover, the Act provides that only one petition may be filed by a petitioner without leave of court. 725 ILCS 5/122-1(f) (West 2018). The granting of leave to file a successive petition is subject to a cause-and-prejudice test, where cause is some objective factor external to the defense that impeded efforts to raise the claim in an earlier proceeding, and prejudice occurs where the alleged error "so infected" the trial that the resulting conviction or sentence violates due process. *Id.* "The cause-and-prejudice test, like the test for ineffective assistance of counsel [citation], is composed of two elements, both of which must be met in order for the petitioner to prevail."

*People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002). A petitioner establishes cause where the claim is " 'so novel that its legal basis is not reasonably available to counsel.' " *Id.* at 460-61 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). A petitioner can also show prejudice where new substantive rules retroactively apply to the petitioner's sentencing hearing. *People v. Davis*, 2014 IL 115595, ¶ 42 (construing *Miller v. Alabama*, 567 U.S. 460 (2012)). Since the determination of whether to allow leave to file a successive postconviction petition is based upon the pleadings, we review the denial of leave to file *de novo*. *People v. Diggins*, 2015 IL App (3d) 130315, ¶ 7 (citing *People v. Wrice*, 2012 IL 111860, ¶ 50).

¶ 16    The issue now before us concerns the circuit court's denial of petitioner's request for separate verdict forms for the different theories of first degree murder under which the State charged petitioner. In *Smith*, our supreme court held that denying the defendant's request for separate verdict forms was an abuse of discretion "where *** specific findings by the jury with regard to the offenses charged could result in different sentencing consequences, favorable to the defendant." *Smith*, 233 Ill. 2d at 23. That kind of error is not harmless unless the jury's findings may be ascertained from the general verdicts entered, and all parts of the record may be searched and interpreted together to determine the meaning of the jury's general verdict. *Id.* at 25-26. The *Smith* court determined that a general verdict cannot be presumed to be a finding of intentional murder when the trial court has refused a request for separate verdict forms that would have clarified the basis for the jury's verdict. *Id.* at 28. Under those circumstances, the *Smith* court held that the appropriate remedy is to interpret the general verdict as a finding on felony murder. *Id.* As a result, the supreme court vacated the *Smith* defendant's conviction and sentence for the underlying felony. *Id.* at 29.

¶ 17    In *People v. Bailey,* 2013 IL 113690, ¶ 1, the defendant was charged with intentional, knowing, and felony murder predicated upon home invasion and robbery of an individual 60 years of age or older.  The State filed its notice of intent to seek the death penalty, and the defendant elected to have the trial court determine eligibility for a death sentence.  *Id.*  The trial court denied the defendant's request for separate verdict forms for murder, and the jury found him guilty.  *Id.*  Although the trial court found the defendant eligible for a death sentence, it sentenced him to natural life instead.  *Id.*

¶ 18    The supreme court reaffirmed the rule it promulgated in *Smith* and found that the trial court erred in refusing the defendant's request for individual verdict forms for the various theories of murder where the sentencing consequences would differ.  *Id.* ¶ 57.  Having found error under *Smith* and observing that *Smith* (when read in conjunction with *Beck v. Alabama*, 447 U.S. 625 (1980), and *Bullington v. Missouri*, 451 U.S. 430 (1981)) requires that the verdict be interpreted not only as a conviction of felony murder, but also as an acquittal of intentional or knowing murder, the *Bailey* court held that the State was barred from seeking a finding of death penalty eligibility under section 9-1(b)(6) of the Criminal Code.  *Id.* ¶ 64.  The court then held that, since the defendant was not properly found eligible for the death penalty, he was not eligible for a sentence of natural life without parole under section 5-8-1(a)(1)(b) of the Unified Code of Corrections (730 ILCS 5/5–8–1(a)(1)(b) (West 2006)), which the trial court was permitted to impose when it elected not to impose the death penalty on an otherwise death-eligible defendant.  *Id.* ¶ 65.  The court clarified, however, that the *Smith* rule is applicable only where (1) the defendant has requested separate verdict forms, (2) the trial court denies the request, (3) and the lack of separate verdict forms could have adverse sentencing consequences.  *Id.* ¶ 69.

¶ 19 Here, as in *Smith,* petitioner requested separate verdict forms for the separate theories of murder, but the court denied the request. Since the sentencing consequences differ depending on the theory proven, the general verdict form did not provide the specificity necessary for the trial court to sentence petitioner properly. Under *Smith* and *Bailey*, we must interpret the general verdict as a finding of guilty only on felony murder and an acquittal of intentional and knowing murder unless our review of the record reveals the meaning of the jury's general verdict.

¶ 20 The State agrees with petitioner that the rules announced in *Smith* and *Bailey* were new rules, but it claims that the rules are merely procedural in nature, not substantive, and they do not meet any relevant exceptions. As a result, according to the State, neither *Smith* nor *Bailey* should be given retroactive effect on collateral review.

¶ 21 We agree with the parties that the rules in *Smith* and *Bailey* are new rules. A new rule is one that breaks new ground or imposes a new obligation on the states or federal government, so that the result of the case "must not be '*dictated* by precedent existing at the time the defendant's conviction became final.' " (Emphasis in original.) *People v. Sanders*, 238 Ill. 2d 391, 400-01 (2010) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). Here, the outcomes in *Smith* and *Bailey* were not "dictated" by prior precedent—indeed, prior precedent held that a general verdict of guilty typically supported a conviction on the most culpable form of the charged offense, regardless of the sentencing consequences. See, *e.g.*, *People v. Thompkins*, 121 Ill. 2d 401, 456 (1988) (upholding the defendant's death sentence imposed after the trial court's finding of eligibility from the jury's general verdict of guilty as to first degree murder on various theories, including intentional, knowing, and felony murder) (citing *People v. Lymore*, 25 Ill. 2d 305, 308 (1962); *People v. Garcia*, 97 Ill. 2d 58, 83-85 (1983)). Therefore, we must proceed to determine whether the new rule is substantive or procedural.

¶ 22    New constitutional rules of criminal procedure generally do not apply retroactively on collateral review because of the State's legitimate interest in the finality of criminal convictions, without which "the criminal law is deprived of much of its deterrent effect." *People v. Flowers*, 138 Ill. 2d 218, 239 (1990) (quoting *Teague*, 489 U.S. at 309). In *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004), however, the United States Supreme Court explicitly stated that substantive rules generally apply retroactively on collateral review because such rules "necessarily carry a significant risk that a defendant *** faces a punishment that the law cannot impose upon him." (Internal quotation marks omitted.)    Rules of this type are not properly characterized as an exception to *Teague*'s bar on retroactivity; rather, "they are more accurately characterized as substantive rules not subject to the bar." *Id.* at 352 n.4.

¶ 23    The *Smith* rule essentially requires a general verdict of murder to be interpreted as a finding on felony murder where the separate verdict form would have different sentencing consequences and the record does not clarify the jury's findings. *Smith*, 233 Ill. 2d at 23, 26-28. The *Bailey* court then held that a *Smith* error should be viewed as an acquittal of intentional and knowing murder counts, which thus renders a defendant ineligible for either the death penalty or a life sentence. *Bailey*, 2013 IL 113690, ¶¶ 64-67. In other words, the rules in *Smith* and *Bailey* resulted in petitioner facing "a punishment the law cannot impose upon him." (Internal quotation marks omitted.) *Schriro*, 542 U.S. at 351-52. Although neither *Smith* nor *Bailey* altered the elements of first degree murder, they nonetheless resulted in the prohibition of some types of punishment for that offense. As such, we find no reason to depart from the analysis in our 2014 order, and again hold that these rules were substantive and not procedural and apply retroactively to cases on collateral review. Accord *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010) (holding that a decision by the United States Supreme Court that "narrowed substantially" the defendant's

exposure to an enhanced sentence of imprisonment was substantive and retroactively applicable on collateral review), *cert. denied*, 564 U.S. 1018 (2011).

¶ 24    In this case, the trial court should not have refused petitioner's request for separate jury verdict forms for intentional, knowing, and felony murder, because the jury's acquittal on intentional and knowing murder would have had different sentencing consequences. *Smith*, 233 Ill. 2d at 23. Under *Bailey*, the jury's general verdict of guilty must be construed as a verdict of guilty as to felony murder (predicated upon aggravated arson) and an acquittal of intentional and knowing murder, and the jury's subsequent finding of death eligibility under section 9-1(b)(6) cannot stand, "despite the evidence that might have supported such a finding." *Bailey*, 2013 IL 113690, ¶ 64. Since petitioner was not properly found eligible for a death sentence under section 9-1(b)(6), he was also ineligible for a natural life sentence under section 5-8-1(a)(1)(b), which the court may impose if there exists an aggravating factor (here, the factor found in section 9-1(b)(6)). Instead, the proper sentencing range for a defendant convicted of felony murder only is 20 to 60 years' imprisonment. 730 ILCS 5/5-8-1(a)(1)(a) (West 1994); *Bailey*, 2013 IL 113690, ¶ 65.

¶ 25    We acknowledge that another panel of this court has held that the rule announced in *Bailey* was not retroactive on collateral review because it merely "allocates decision-making authority between the jury and the judge." *People v. Reed*, 2014 IL App (1st) 122610, ¶ 91. We decline, however, to follow the holding in *Reed*. Although the holdings in *Smith* and *Bailey* do, in effect, mandate a new procedure, that procedure is the result of a substantive change in the law: if it is impossible to determine upon which theory of murder a jury's general verdict of guilty rests, the verdict must be construed as an *acquittal* of all but the least culpable theory of murder charged. See *Bailey*, 2013 IL 113690, ¶ 61 (citing *Smith*, 233 Ill. 2d at 28); *Davis*, 2014 IL 115595, ¶ 39 (quoting *State v. Ragland*, 836 N.W.2d 107, 115 (Iowa 2013)).

¶ 26   Therefore, petitioner's motion for leave to file a successive postconviction petition met the cause-and-prejudice test.   The rules announced in *Smith* and *Bailey* constitute "cause" because they were not available earlier to counsel.   See *Pitsonbarger*, 205 Ill.2d at 460-61 (quoting *Reed*, 468 U.S. at 16).   As noted above, prior precedent at the time dictated precisely the opposite:   a jury's general verdict of guilty could be construed as a guilty verdict of the most culpable theory of murder, including a theory that would result in either a sentence of death or natural life.   See *Thompkins*, 121 Ill. 2d at 456.   Petitioner further met the prejudice prong because the new substantive rules retroactively apply to petitioner's sentencing hearing.   See 725 ILCS 5/122–1(f) (West 2012); *Davis*, 2014 IL 115595, ¶ 42.

¶ 27   Thus, under *Smith* and *Bailey*, the successive postconviction petition stated a valid claim. Since the petition raised only issues of law that are apparent from the record, we find that his sentence of natural life must be vacated and this cause must be remanded for resentencing under section 5-8-1(a)(1)(a) (730 ILCS 5/5-8-1(a)(1)(a) (West 1994)).   Finally, since a defendant convicted of felony murder may not be convicted of the underlying felony (*Smith*, 233 Ill. 2d at 17), petitioner's conviction and sentence for aggravated arson must also be vacated.

¶ 28                                        CONCLUSION

¶ 29   We reverse the trial court's denial of petitioner's motion for leave to file a successive postconviction petition and remand this cause with directions to grant the motion, vacate petitioner's conviction and sentence for aggravated arson, and resentence petitioner on felony murder predicated upon aggravated arson.

¶ 30   Reversed and remanded with directions.