NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240959-U

NO. 4-24-0959

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 29, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Tazewell County |
| DONALD D. QUICKLE, | ) | No. 94CF30 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

---

JUSTICE ZENOFF delivered the judgment of the court.
Justices Doherty and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed an order dismissing defendant's "Complaint For Order of *Habeas Corpus*" where defendant was not entitled to the relief he requested.

¶ 2     Defendant, Donald D. Quickle, appeals an order dismissing his "Complaint For Order of *Habeas Corpus*." We affirm.

¶ 3                                I. BACKGROUND

¶ 4     In January 1994, a grand jury returned an indictment in Tazewell County case No. 94-CF-30 charging defendant with armed robbery (720 ILCS 5/18-2(a) (West 1994)) and six counts of first degree murder (720 ILCS 5/9-1(a)(1)-(3) (West 1994)). Although defendant's conduct resulted in one death, the murder counts alleged alternative theories of intentional, knowing, and felony murder.

¶ 5     The record on appeal does not include transcripts of defendant's 1999 jury trial.

However, in defendant's last appeal, we recounted the following:

"During the instructions conference, the defense requested separate verdict forms for each count of first degree murder to differentiate the various mental states alleged in the indictment. The State, by contrast, requested general guilty and not guilty verdict forms for first degree murder. The trial court instructed the jury with the State's forms. Thus, the jury received four verdict forms: (1) guilty of first degree murder, (2) not guilty of first degree murder, (3) guilty of armed robbery, and (4) not guilty of armed robbery. The jury found defendant guilty of both first degree murder and armed robbery." *People v. Quickle*, 2023 IL App (4th) 220844-U, ¶ 7.

The trial court sentenced defendant to consecutive prison terms of 60 years for first degree murder and 30 years for armed robbery.

¶ 6        Years after the Appellate Court, Third District, affirmed defendant's convictions on direct appeal, our supreme court decided *People v. Smith*, 233 Ill. 2d 1 (2009). The court in *Smith* recognized that a defendant who is charged with multiple counts of first degree murder under different legal theories that carry different sentencing consequences is entitled, upon request, to have the jury be given verdict forms addressing each count specifically. *Smith*, 233 Ill. 2d at 23. If a defendant is denied this right and it is impossible to tell from the general verdict whether the jury found the defendant guilty of each count of murder charged, the appropriate remedy is to interpret the jury's verdict as a finding of guilt for felony murder. *Smith*, 233 Ill. 2d at 27-28. Because a person convicted under a felony-murder theory cannot also be convicted of the predicate felony, a court must also vacate any conviction for the predicate felony. *Smith*, 233 Ill. 2d at 17, 29.

¶ 7        In *People v. Bailey*, 2013 IL 113690, our supreme court essentially reaffirmed the

central holdings in *Smith* and applied them to a more complicated factual scenario that is not directly relevant to our case. For our purposes, it is only necessary to point out that *Bailey* clarified that where a trial court violates the rule set out in *Smith*, the jury's general guilty verdict should be interpreted not only as a finding of guilt for felony murder but also as an acquittal of intentional and knowing murder. *Bailey*, 2013 IL 113690, ¶ 64.

¶ 8       Both *Bailey* and *Smith* were direct appeals. Case law is not settled as to whether the rules in those cases apply retroactively when a defendant challenges a conviction in a collateral proceeding. Compare *People v. Reed*, 2014 IL App (1st) 122610, ¶¶ 91-92 (holding that *Bailey*, which was decided after the defendant's direct appeal, did not apply retroactively) with *People v. Price*, 2020 IL App (1st) 180016-U, ¶¶ 23, 25 (declining to follow *Reed* and holding that both *Bailey* and *Smith* applied retroactively).

¶ 9       Defendant has repeatedly attempted to have the rules articulated in *Bailey* and *Smith* applied retroactively to his case in collateral proceedings. Specifically, he maintains he is entitled to (1) have the jury's general guilty verdict for first degree murder be interpreted as a finding of guilt for felony murder and an acquittal of the other murder charges and (2) have his conviction and sentence for armed robbery, the predicate felony, vacated. The appellate court has rejected defendant's claim three times without expressly addressing the question of retroactivity. See *People v. Quickle*, No. 3-14-0472 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (affirming an order dismissing defendant's petition to vacate his armed robbery conviction, reasoning that the rules in *Bailey* and *Smith* did not render defendant's conviction void, which was a requirement to challenge the judgment more than two years after the fact); *People v. Quickle*, 2020 IL App (3d) 170281, ¶¶ 24-25 (affirming an order denying defendant leave to file a second successive postconviction petition, reasoning that the rules in *Bailey* and *Smith* did not

support defendant's claim of actual innocence); *Quickle*, 2023 IL App (4th) 220844-U, ¶¶ 40, 42 (affirming an order denying defendant leave to file a third successive postconviction petition, reasoning, *inter alia*, that defendant could not establish "cause" for failing to raise a claim based on *Smith* in his initial postconviction petition).

¶ 10        In May 2024, defendant filed a *pro se* "Complaint for Order of *Habeas Corpus*." Defendant again challenged the judgment on voidness grounds, maintaining that his sentences were unconstitutional because they did not comply with *Bailey* and *Smith*. In one paragraph within this complaint, defendant asserted, with no supporting argument, that he believed he was entitled to 1,100 additional days of credit against his sentence for programs he participated in while incarcerated. We note that defendant indicated in his complaint that he was also separately sentenced to a consecutive 20-year prison sentence for armed robbery in Tazewell County case No. 94-CF-48. The website for the Illinois Department of Corrections confirms that defendant was sentenced to 20 years for armed robbery in case No. 94-CF-48 and that sentence has not been discharged.

¶ 11        In June 2024, the trial court *sua sponte* dismissed defendant's complaint. The court noted that defendant has raised this issue multiple times in piecemeal filings. The court also determined that *habeas corpus* was not a proper remedy here, because (1) *habeas corpus* "cannot act as a writ of error," (2) there is "no jurisdictional issue" in this case and the "judgment is not void," and (3) "[n]othing has occurred entitling defendant to release" from custody. Defendant filed a timely notice of appeal from this order.

¶ 12                                II. ANALYSIS

¶ 13        Defendant represents himself on appeal and argues that the trial court erroneously dismissed his complaint. In the alternative, defendant asks this court (1) to make a finding that the

trial court abused its discretion during the 1999 trial by denying the request for separate verdict forms for each first degree murder count and (2) to exercise our authority under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) and reduce his sentence.

¶ 14        Article 10 of the Code of Civil Procedure (Code) (735 ILCS 5/art. 10 (West 2024)) addresses requests for *habeas corpus*. "[T]he sole remedy for a prisoner entitled to *habeas corpus* relief is immediate discharge from custody." *Ragel v. Scott*, 2018 IL App (4th) 170322, ¶ 28. Thus, if a defendant is not entitled to immediate discharge from custody, article 10 of the Code provides no recourse, even if the defendant claims that some aspect of his or her conviction or sentence is unlawful. See *People ex rel. Martin v. Ragen*, 401 Ill. 419, 423-24 (1948) (holding that a petitioner was not entitled to *habeas corpus* relief in connection with one purportedly void conviction where he was still serving a valid prison sentence for another conviction).

¶ 15        Section 10-124 of the Code specifies the situations in which a person who is "in custody by virtue of process from any court legally constituted" may be discharged. 735 ILCS 5/10-124 (West 2024). Relevant to this appeal, two of those grounds are (1) "[w]here the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person" or (2) "[w]here, though the original imprisonment was lawful, nevertheless, by some act, omission or event which has subsequently taken place, the party has become entitled to be discharged." 735 ILCS 5/10-124(1), (2) (West 2024). Unless one of the subsections of 10-124 applies, a defendant is not entitled to *habeas corpus* relief, "even if an alleged error involves a denial of a constitutional right." *Ragel*, 2018 IL App (4th) 170322, ¶ 17; see *Beacham v. Walker*, 231 Ill. 2d 51, 59 (2008) (asserting that "the remedy of *habeas corpus* is not available to review errors which only render a judgment voidable and are of a nonjurisdictional nature").

¶ 16        A trial court may deny a request for *habeas corpus* relief *sua sponte* if it determines

relief is unwarranted. *Hennings v. Chandler*, 229 Ill. 2d 18, 19 (2008). "We review *de novo* the denial of a *habeas corpus* petition." *Ragel*, 2018 IL App (4th) 170322, ¶ 19.

¶ 17 The State offers multiple reasons why the trial court properly dismissed defendant's complaint, including that the rules in *Bailey* and *Smith* do not apply retroactively. We need not address the retroactivity issue, as the State has identified several other persuasive reasons why defendant is not entitled to *habeas corpus* relief.

¶ 18 No subsection of 10-124 applies in this case. Defendant asserts that the trial court "exceeded its jurisdiction" during the 1999 trial "by not allowing the separate verdict forms as requested." Defendant is mistaken. "Subject matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12. Here, the court had the power to preside over defendant's trial and to sentence him after a jury found him guilty of first degree murder and armed robbery. The jury instruction/sentencing error that defendant identifies might have rendered the judgment voidable had defendant raised the issue on direct appeal or in a timely postconviction petition. However, any error did not deprive the court of its power or jurisdiction to sentence defendant. See *Castleberry*, 2015 IL 116916, ¶ 15 ("[B]ecause circuit court jurisdiction is granted by the constitution, it cannot be the case that the failure to satisfy a certain statutory requirement or prerequisite can deprive the circuit court of its power or jurisdiction to hear a cause of action." (Internal quotation marks omitted)). "A voidable judgment is not subject to collateral attack" in a *habeas corpus* proceeding. (Emphasis omitted.) *Beacham*, 231 Ill. 2d at 60.

¶ 19 Aside from questioning the trial court's jurisdiction to impose the convictions and sentences in 1999, defendant maintains that the decisions in *Bailey* and *Smith* constitute "some act,

omission or event which has subsequently taken place" (735 ILCS 5/10-124(2) (West 2024)) that entitles him to *habeas corpus* relief. This argument fails, as case law decided after a defendant's trial is generally not the type of act or event contemplated by this provision. See *Ragel*, 2018 IL App (4th) 170322, ¶ 18 ("New case law is not a subsequent act, occurrence, or event that entitles a prisoner to be discharged within the meaning of section 10-124 of the Code.").

¶ 20 Furthermore, defendant has not demonstrated that he is entitled to be discharged from custody immediately, which is the only relief available in a *habeas corpus* proceeding. Defendant asserts in his brief that he has served 30 years in prison, which is the maximum for first degree murder. As the State notes, the typical maximum sentence for first degree murder is actually 60 years in prison, which is the sentence defendant received. See 730 ILCS 5/5-8-1(a)(1)(a) (West 1994) (establishing that the sentencing range for first degree murder is generally 20 to 60 years in prison). By referencing 30 years, defendant might be including his entitlement to certain sentencing credits under pre-truth-in-sentencing laws that existed in 1994. Nevertheless, defendant did not demonstrate in his *habeas corpus* complaint that he is entitled to immediate discharge from custody in light of his separate, consecutive 20-year prison sentence in case No. 94-CF-48. Even if defendant is correct that the rule in *Smith* and *Bailey* should apply retroactively in the present case (case No. 94-CF-30), his unchallenged imprisonment in connection with case No. 94-CF-48 would preclude granting *habeas corpus* relief. See *Martin*, 401 Ill. at 423-24 (holding that a petitioner is not entitled to *habeas corpus* relief in one case while he is serving a valid prison sentence in another).

¶ 21 In his complaint, defendant also mentioned that he did not receive certain sentencing credits to which he believed he was entitled. However, he does not raise and develop that point in his appellant's brief, thereby forfeiting the issue. See Ill. S. Ct. R. 341(h)(7) (eff. Oct.

1, 2020).

¶ 22      We also deny defendant's alternative request to reduce his sentence pursuant to Rule 615(b)(4). By invoking this rule, defendant effectively asks us to review the merits of his jury instruction/sentencing claim as if he were presenting it in a direct appeal or a timely postconviction petition. Again, the limited purpose of this appeal is to determine whether defendant is entitled to an immediate discharge from custody, not to entertain broader challenges to a judgment that was entered decades ago by a court that had subject matter jurisdiction. Defendant is not entitled to relief in connection with the *habeas corpus* complaint he filed.

¶ 23                    III. CONCLUSION

¶ 24      For the reasons stated, we affirm the trial court's judgment.

¶ 25      Affirmed.