NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240207-U

NO. 4-24-0207

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 12, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ESMON JONES, | ) | Appeal from the |
|     Petitioner-Appellant, | ) | Circuit Court of |
| v. | ) | Brown County |
| BRITTANY GREENE, Warden, Western | ) | No. 22MR2 |
| Illinois Correctional Center, | ) | |
|     Respondent-Appellee. | ) | Honorable |
| | ) | Jerry J. Hooker, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court. Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court affirmed, finding the trial court did not err when it dismissed petitioner's *habeas corpus* petition.

¶ 2   In January 2008, a jury convicted petitioner, Esmon Jones, of first degree murder (720 ILCS 5/9-1(a) (West 2004)). Thereafter, he was sentenced to 35 years' imprisonment. In February 2022, petitioner filed a *pro se* petition for *habeas corpus*, alleging the sentencing court was biased and lacked the authority to impose a 35-year prison term. In August 2023, respondent, Brittany Greene, Warden of the Western Illinois Correctional Center, filed a motion to dismiss the petition, which the trial court granted. Petitioner appeals, and we affirm.

¶ 3                                  I. BACKGROUND

¶ 4   In August 2006, petitioner and a codefendant were charged with six counts of first degree murder for the death of Calvin Fakes. *People v. Jones*, 2012 IL App (4th) 110281-U, ¶ 6.

In January 2008, petitioner was convicted by a jury of first degree murder (720 ILCS 5/9-1(a) (West 2004)). *Jones*, 2012 IL App (4th) 110281-U, ¶ 7. However, the jury found the State had not proved beyond a reasonable doubt that petitioner had personally discharged a firearm during the commission of the offense. *Id.* In February 2008, petitioner was sentenced to 35 years' imprisonment.

¶ 5            Petitioner filed a direct appeal, arguing "(1) the evidence presented did not permit the trial court to instruct the jury on accountability, (2) the court erred when it denied [his] section 2-1401 (735 ILCS 5/2-1401 (West 2006)) motion that raised a *Brady* issue (see *Brady v. Maryland*, 373 U.S. 83 (1963)), and (3) the prosecutor committed reversible error during his rebuttal closing argument." *Id.* ¶ 9. This court affirmed the trial court's judgment. *People v. Jones*, No. 4-08-0555 (Oct. 28, 2009) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6            In December 2010, petitioner filed a *pro se* postconviction petition, asserting (1) a *Brady* violation, (2) various claims of ineffective assistance of counsel, (3) he was denied a fair trial regarding the State's remarks during closing argument, and (4) "this court attributed to [him] 'submissions' he did not make." *Jones*, 2012 IL App (4th) 110281-U, ¶ 10. In March 2011, the trial court summarily dismissed petitioner's postconviction petition as frivolous and patently without merit. *Id.* ¶ 11. This court affirmed. *Id.* ¶ 30.

¶ 7            In October 2012, petitioner filed a motion for leave to file a successive postconviction petition. The trial court denied petitioner's motion, and he appealed. This court dismissed the appeal. *People v. Jones*, No. 4-12-1135 (Feb. 25, 2014) (unpublished order under Illinois Supreme Court Rule 23). Petitioner filed an unsuccessful federal *habeas corpus* petition in March 2014. See *Jones v. Butler*, 2014 WL 4068355 (C.D. Ill. 2014). In July 2021, petitioner filed a second motion for leave to file a successive postconviction petition. His motion was

denied by the trial court, and this court affirmed. *People v. Jones*, No. 4-21-0686 (Dec. 2, 2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8     On February 1, 2022, petitioner filed a *pro se* petition for *habeas corpus* that is the subject of this appeal. In his petition, he argued that because the jury did not find he personally discharged a firearm that caused the death of Fakes, the sentencing court could not ultimately sentence him for first degree murder. Furthermore, he claimed, the jury's finding "exonerate[d] [him] of murder." On February 10, 2022, petitioner filed a supplement to his *habeas corpus* petition, arguing the sentencing court was biased against him.

¶ 9     In August 2023, respondent, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)), moved to dismiss the petition for failing to state a claim. Respondent argued *habeas corpus* provided a single remedy: immediate release from custody. This relief was only available where (1) the judgment rendering detention was from a court lacking subject matter or personal jurisdiction or (2) some postconviction occurrence entitled the petitioner to immediate release. Respondent contended petitioner had not alleged either of these criteria.

¶ 10     In October 2023, the trial court granted respondent's motion to dismiss. In November 2023, petitioner filed a motion to reconsider, which the court denied.

¶ 11     This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13     On appeal, petitioner argues (1) he had already served 20 years of his sentence that was lawfully imposed, (2) he should be granted immediate release because of the absence of the word "or" in the heading of count I of his sentence, (3) the sentencing court lost its jurisdiction when it "exonerated" petitioner of the jury's guilty verdict, (4) he was denied a fair

hearing in the "lower court," (5) his sentencing under the Unified Code of Corrections (730 ILCS 5/1-1-1 *et seq.* (West 2008)) was a postconviction event, and (6) the sentencing court was biased when it adjudicated petitioner guilty despite the jury finding him not guilty.

¶ 14 "A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face." *Beacham v. Walker*, 231 Ill. 2d 51, 57 (2008). "In ruling on the motion, a court must determine whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff and taking all well-pleaded facts as true, are sufficient to state a cause of action upon which relief may be granted." *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶ 20. A trial court should not dismiss a cause of action pursuant to section 2-615 "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Beacham*, 231 Ill. 2d at 58. The granting of a section 2-615 motion to dismiss is subject to *de novo* review.

¶ 15 A petitioner may obtain *habeas corpus* relief only upon the grounds set forth in section 10-124 of the Code (735 ILCS 5/10-124 (West 2022)). *Beacham*, 231 Ill. 2d at 58. Under the Code, a prisoner is entitled to *habeas corpus* relief only (1) when he "has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner" or (2) "where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Id.* "A complaint for order of *habeas corpus* may not be used to review proceedings that do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights." *Id.* The denial of a *habeas corpus* petition is subject to *de novo* review. *Ragel v. Scott*, 2018 IL App (4th) 170322, ¶ 19.

¶ 16 Respondent argues the trial court properly dismissed the petition because petitioner failed to state a cognizable claim for *habeas* relief. Specifically, respondent claims,

petitioner did not allege a lack of personal or subject matter jurisdiction by the sentencing court and did not allege any postconviction occurrence entitling him to immediate release from custody. We agree.

¶ 17    The trial court correctly determined petitioner failed to state a cause of action upon which *habeas corpus* relief could be granted. In particular, petitioner has failed to sufficiently allege either that he was incarcerated under a judgment of a court that lacked jurisdiction or there was some occurrence subsequent to his conviction that entitled him to relief.

¶ 18    Indeed, none of petitioner's arguments remotely address a postconviction occurrence which would entitle him to immediate release. While petitioner uses the phrase "postconviction event," it is argued in the context of his sentencing, which is a preconviction occurrence. See *Kizer v. Watson*, 2023 IL App (4th) 210690-U, ¶ 20 (stating the imposition of a sentence is a preconviction occurrence).

¶ 19    Only one of petitioner's arguments address jurisdiction, specifically where he states the sentencing court "lost" its jurisdiction when it entered a conviction for first degree murder. However, "[s]ubject matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *In re Estate of Martin*, 2020 IL App (2d) 190140, ¶ 38. "[A trial] court's subject matter jurisdiction is conferred entirely by our state constitution." (Internal quotation marks omitted.) *Id.* "Under section 9 of article VI of the Illinois Constitution, the jurisdiction of [trial] courts extends to all 'justiciable matters except when the Supreme Court has original and exclusive jurisdiction.' " *Id.* ¶ 39. Because petitioner was charged with committing a criminal offense within this state, the trial court possessed subject matter jurisdiction. See *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) (explaining that a trial court acquires subject matter

jurisdiction when the State creates a justiciable controversy by filing criminal charges with the court).

¶ 20    Here, petitioner's contention is that, because the jury had not found he had personally discharged a firearm, the trial court—for reasons petitioner does not explain—"lost" its jurisdiction to enter a conviction for first degree murder. However, the jury returned a guilty verdict for first degree murder at petitioner's trial, and it was this verdict on which the court entered judgment and subsequently sentenced petitioner. See 730 ILCS 5/5-4.5-20(a) (West 2008) (establishing the sentencing range for first degree murder to "not less than 20 years and not more than 60 years" of imprisonment). Petitioner simply misunderstands that the jury's verdict regarding the personal discharge of a firearm only prohibited the court from imposing an additional sentencing enhancement. Moreover, a *habeas corpus* petition is not the appropriate vehicle for petitioner's various sentencing claims. See *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 321 (2001) (noting a petitioner's claim regarding whether the sentence was "unconstitutional or [was] otherwise imposed in error" is not a cognizable *habeas* claim).

¶ 21    Accordingly, we find petitioner has failed to state a claim for *habeas corpus* relief, and the trial court committed no error by granting respondent's motion to dismiss the petition.

¶ 22                         III. CONCLUSION

¶ 23    For the reasons stated, we affirm the trial court's judgment.

¶ 24    Affirmed.