NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240077-U

NO. 4-24-0077

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 5, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| MARK L. PROUGH, | ) | No. 09CF122 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | April Troemper, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, concluding the trial court properly dismissed defendant's petition for *habeas corpus* relief.

¶ 2     Defendant, Mark L. Prough, appeals from the Jersey County circuit court's judgment dismissing his petition for *habeas corpus* relief. Defendant claims the court erroneously dismissed his petition because his petition asserted several meritorious claims for relief. The State responds the court properly dismissed defendant's petition because all of his claims were barred by the doctrine of *res judicata* or forfeited and he failed to state any meritorious claims for *habeas corpus* relief. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The underlying facts and procedural history of this case were recently discussed at length in *People v. Prough*, 2023 IL App (4th) 210438-U, ¶¶ 7-36. Accordingly, this court will discuss only those facts necessary to resolve the issue presented in this appeal.

¶ 5    On July 29, 2009, a grand jury charged defendant by indictment with first degree murder, alleging that defendant, without lawful justification and with the intent to kill his father, Dennis Prough, caused the death of Dennis Prough by shooting him in the upper chest area with a shotgun, in violation of section 9-1(a) of the Criminal Code of 1961 (720 ILCS 5/9-1(a) (West 2008)). That same day, the Jersey County public defender was assigned to represent defendant, and the case was continued to August 10, 2009, for arraignment. On August 7, 2009, defense attorney Scott W. Schultz filed an entry of appearance in this matter. The entry of appearance contained a caption indicating it was filed in the matter of "PEOPLE OF THE STATE OF ILLINOIS vs. MARK PROUGH," Case No. 09-CF-122. However, the body of the document states, "Comes now, Defendant, LISA WARD, by and through his attorney, SCOTT W. SCHULTZ, and he hereby enters his appearance."

¶ 6    Later in 2009, the trial court found defendant unfit for trial, and he was committed to the Illinois Department of Human Services for treatment. Following several years of treatment, the court found defendant was restored to fitness in August 2013. In February 2014, defendant pleaded guilty but mentally ill (see 730 ILCS 5/5-2-6 (West 2014)). Pursuant to his agreement with the State, the court sentenced defendant to 30 years in prison.

¶ 7    Since his conviction, defendant has *pro se* filed numerous motions, pleadings, petitions, and appeals. See *Prough*, 2023 IL App (4th) 210438-U, ¶¶ 7-36. Primarily, the goal of these filings has been to secure his immediate release from prison. As relevant to this appeal, in November 2023, defendant *pro se* filed a petition for *habeas corpus* relief based on "newly

discovered evidence." Among other things, the petition asserted Lisa Ward was permitted to appear in defendant's place at the initial appearance, and defendant was not present at such a hearing. Defendant additionally asserted he was denied access to discovery by his defense attorney and he is actually innocent of Dennis Prough's murder. Later in November 2023, defendant *pro se* filed a motion to amend his petition. In the motion, defendant asserted the trial court, the State, his defense attorney, and a psychiatrist committed a crime when they allowed "Lisa Ward" to appear as the defendant in this case.

¶ 8        On December 11, 2023, the trial court entered a written order dismissing defendant's petition for *habeas corpus* relief, concluding the petition and addendum "fail[ed] to state a claim for relief, fail[ed] to plead sufficient facts, and fail[ed] to state claims that would qualify as newly discovered evidence." The court further found the petition and addendum were untimely. Finally, the court found defendant's filings were frivolous under section 22-105 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/22-105 (West 2022)) and warranted sanctions. Accordingly, the court ordered (1) the circuit court clerk to assess costs against defendant related to his frivolous filings and (2) a copy of its order to be sent to the Illinois Department of Corrections to facilitate a hearing on the revocation of any good time credit earned under section 3-6-3(d) of the Unified Code of Corrections (730 ILCS 5/3-6-3(d) (West 2022)).

¶ 9        On January 10, 2024, defendant *pro se* filed a notice of appeal. On June 10, 2024, while this appeal was pending, defendant filed a motion for a "default judgment," which was taken with the case. Initially, the Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. However, on January 31, 2024, this court allowed OSAD's motion to withdraw as counsel on the grounds section 10 of the State Appellate Defender Act (725 ILCS 105/10(a) (West 2022)) limited OSAD's representation to criminal proceedings and the

proceedings in this case were civil in nature. On July 15, 2024, defendant filed a motion to strike the State's brief, which was also taken with the case. Finally, between July 18, 2024, and July 22, 2024, defendant filed correspondence with this court titled "Political Science Thesis" and "Anti Thesis." The correspondence primarily concerns the issues of prison overpopulation and prescription selective serotonin reuptake inhibitors.

¶ 10                                                    II. ANALYSIS

¶ 11                                              A. Defendant's Motions

¶ 12         We first address defendant's motions for a default judgment and to strike the State's brief. Defendant contends he is entitled to a default judgment because the State was represented by counsel and he was not. He further argues the State's brief should be stricken on the same grounds.

¶ 13         First, we deny defendant's motion for a default judgment because it is not a recognizable form of relief in these proceedings on appeal. Under section 2-1301(d) of the Procedure Code (735 ILCS 5/2-1301(d) (West 2022)), the trial court may enter judgment by default "for want of an appearance" or "failure to plead." This court cannot enter a judgment by default because the trial court has already entered a judgment in the proceedings below, in which the court entered its dismissal order *sua sponte*, and therefore no appearance or pleading from the State was required. Instead, where an appellee fails to enter an appearance or file a responsive brief, the appellate court's options are outlined in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)—which this court need not discuss, because the State (*i.e.*, the appellee) in this case has filed a responsive brief here. The fact the State is represented by counsel and defendant is not has no bearing on this issue. Defendant's motion for a default judgment lacks merit and is denied.

¶ 14 Next, defendant claims the State's brief should be stricken because the State is represented by counsel and he is not. First, this court cannot conceive of any way for the State to appear in court other than through counsel, because the State is a government entity and not a natural person. Moreover, we reiterate this court allowed OSAD's motion to withdraw as counsel after its initial appointment because these proceedings are civil in nature, and OSAD's representation is limited by statute to criminal and delinquency proceedings. See 725 ILCS 105/10(a) (West 2022) ("[OSAD] shall represent indigent persons on appeal in criminal and delinquent minor proceedings, when appointed to do so by a court under a Supreme Court Rule or law of this State."). Despite defendant's assertions, he has no statutory or constitutional right to appointed counsel in these civil proceedings. His choices are limited to proceeding *pro se* or obtaining private counsel. Defendant's lack of counsel is not grounds to strike the State's brief, and his motion is therefore denied.

¶ 15                                 B. Dismissal of Defendant's Petition

¶ 16 We next address defendant's claim the trial court erred when it dismissed his petition for *habeas corpus* relief. Specifically, on appeal, defendant argues that criminal activity occurred within the trial court when "Lisa Ward" was allowed to make an appearance in this case as the defendant on August 7, 2009. Defendant further argues that his detainment is illegal and seeks relief under *habeas corpus* due to this alleged criminal activity and due to unrelated charges from a Missouri case, which he claims were dismissed, being used in this case erroneously. Defendant also complains trial counsel was ineffective and his decisions resulted in defendant's illegal detention. The State responds all of defendant's claims were barred by the doctrine of *res judicata* or forfeited and he failed to state any meritorious claims for *habeas corpus* relief. We agree with the State and affirm.

¶ 17　　　　In Illinois, to obtain *habeas corpus* relief, the petitioner must establish the presence of one of the causes for discharge set forth in section 10-124 of the Procedure Code (735 ILCS 5/10-124 (West 2022)). Here, defendant seems to rely on section 10-124(6), which provides for the petitioner's discharge "[w]here the process appears to have been obtained by false pretense or bribery." *Id.* § 10-124(6). Upon the filing of a petition for *habeas corpus* relief, the trial court conducts an initial review of the petition to determine whether it sufficiently establishes a question as to the legality of the petitioner's imprisonment. *Hennings v. Chandler*, 229 Ill. 2d 18, 26 (2008). If the complaint meets this threshold, the court shall grant an order of *habeas corpus*. *Id.* "Conversely, if it is clear from a review of the complaint that the plaintiff is not entitled to the relief of *habeas corpus*, the order shall be denied." *Id.* Additionally, the court may *sua sponte* dismiss the petition when, upon review of the petition and supporting documents, the court determines the petitioner cannot possibly be entitled to habeas corpus relief. *Id.* at 32. This court reviews the dismissal of a petition for *habeas corpus de novo*. *Ragel v. Scott*, 2018 IL App (4th) 170322, ¶ 19.

¶ 18　　　　The trial court properly denied defendant's petition as failing to state a claim for *habeas corpus* relief. First, the record does not support defendant's contention that "Lisa Ward" improperly appeared in defendant's place when Schultz entered his appearance. The case caption and number appearing on the entry of appearance all corresponded to defendant's case, and the inclusion of "Lisa Ward" appears to be no more than a scrivener's error. As to the other claims in defendant's petition, our review of the record shows they are either barred by the doctrine of *res judicata* or forfeited. Specifically, defendant's arguments regarding his disapproval of defense counsel filing a motion for a fitness examination and waiving counsel were previously ruled on and denied multiple times by the trial court. Furthermore, it is unclear how defendant's claim that

a Missouri public defender acquired discovery from his Illinois case relates to any grounds for discharge outlined in section 10-124 of the Procedure Code. We conclude no error occurred and affirm the court's judgment.

¶ 19                                III. CONCLUSION

¶ 20          For the reasons stated, we affirm the trial court's judgment.

¶ 21          Affirmed.